902 F.2d 33
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond MANGO, Petitioner-Appellant,
v.
Harry K. RUSSELL, Respondent-Appellee.
 No. 89-3009.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1990.
 
 Before BOYCE F. MARTIN, Jr. and KRUPANSKY, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Mango was convicted in the Ohio Court of Common Pleas of one count of aggravated murder and sixteen counts of aggravated robbery in the holdup of the Spanish Village Tavern in Cleveland. The state court of appeals upheld his conviction by a divided vote, and the state supreme court affirmed. Mango then sought a writ of habeas corpus, which the district court denied. We affirm the district court.
 
 
 2
 The most serious constitutional error Mango alleges concerns improper conduct by the trial judge. The judge removed exhibits during the jury's deliberations for use in the trial of Gary Allen, who was being tried separately for the same robbery. When the judge returned the exhibits, he inadvertently included several other items not in evidence in Mango's trial, including Allen's confession. That confession did not name Mango as one of the participants in the Spanish Village Tavern robbery, but did implicate him in another robbery. The judge also took the jury out for coffee during its deliberations.
 
 
 3
 Any exposure of a deliberating jury to extraneous material is presumed prejudicial, Remmer v. United States, 347 U.S. 227, 229 (1954), but the government can rebut that presumption by showing that the information was harmless. United States v. Wiley, 846 F.2d 150, 157 (2d Cir.1988). It is within the trial court's discretion to determine whether the government has rebutted the presumption. Id. at 158.
 
 
 4
 Mango's claim that the jury was prejudiced by seeing Allen's confession is suspect because Mango simultaneously argues that the trial court erred by not admitting that confession into evidence. It is possible that the jury might have been prejudiced by Mango's implication in a separate robbery, but it is just as likely that it would have been swayed in his favor by Allen's failure to name Mango in the Spanish Village Tavern robbery. Nor does it seem that the jury was prejudiced by the other items admitted with the exhibits--the coroner's verdict, which merely summarized testimony the coroner had given at trial, and the prosecutor's worksheet, which listed victims of the robbery, most of whom had also testified.
 
 
 5
 The judge's contact with the deliberating jury was irregular, certainly, but there has been no suggestion that the judge discussed the merits of the case or the relevant law. The district court did not abuse its discretion by ruling that the government had rebutted the presumption of prejudice caused by the judge's improper conduct, and we do not find that Mango was denied a fair trial.
 
 
 6
 Allen's confession was hearsay which, under Rule 804(b)(3) of the Ohio Rules of Evidence (identical to the Federal Rule) could be admitted only if accompanied by corroborating circumstances. See also Sharlow v. Israel, 767 F.2d 373, 380 (7th Cir.1985) (interpretation of federal rule), cert. denied, 475 U.S. 1022 (1986). The trial court ruled that Mango had failed to produce the required corroboration, and so excluded the statement. In extraordinary cases, state procedural rules must yield to the defendant's right to present a defense, see Chambers v. Mississippi, 410 U.S. 284, 302 (1973), but here the trial court did not abuse its discretion by ruling the statement inadmissible. This is an evidentiary question which does not rise to the level of a constitutional violation. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988).
 
 
 7
 Mango also appeals that the trial court refused to instruct the jury about the weaknesses inherent in eyewitness testimony. Errors in jury instructions are not grounds for relief by habeas corpus unless the defendant was denied due process. Henderson v. Kibbe, 431 U.S. 145, 154 (1977). Due process does not require that the jury be instructed on eyewitness testimony, particularly when, as in this case, the government's case rests on the testimony of more than one witness. See United States v. Thoma, 713 F.2d 604, 607 (10th Cir.1983), cert. denied, 464 U.S. 1047 (1984).
 
 
 8
 The trial court apparently prevented Mango's attorney from asking leading questions on cross-examination, in contravention of traditional trial practice and Rule 611(c) of the Ohio Rules of Evidence. The trial court's error, however, did not amount to a denial of due process. The sixth amendment protects the right to "confront" witnesses. This Mango was allowed to do. The court did not restrict whom he could cross-examine or the scope of inquiry on cross. What it did was restrict, incorrectly, the form in which those questions could be asked. See also Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (confrontation clause guarantees only opportunity for cross-examination, not that cross-examination will be effective).
 
 
 9
 There is no merit in Mango's objections to the identification testimony at his trial. Two witnesses to the robbery identified Mango in court, both of whom had seen him during the robbery. Identification testimony is admissible if the court concludes that it is reliable under the totality of the circumstances. Manson v. Brathwaite, 432 U.S. 98, 113 (1977). The trial court certainly has the discretion to admit such testimony.
 
 
 10
 Finally, we reject Mango's claim that he was entitled to have a lawyer present when he was identified in a lineup. At the time of the lineup, Mango had not yet been charged and so had no right to have an attorney present. See Kirby v. Illinois, 406 U.S. 682, 689-90 (1972).
 
 
 11
 We AFFIRM the district court's decision denying Mango's petition for a writ of habeas corpus.